**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY RONNELL PERKINS, | / | 1:06-cv-01177-AWI-SMS (PC) |
| Plaintiff, | / | |
| v. | / | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CALIFORNIA DEPARTMENT OF REHABILITATION, et. al., | / | (Doc. 1) |
| Defendants. | / | |

**I.  SCREENING ORDER**

Gary Ronnell Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 31, 2006.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.     Summary of Plaintiff's Complaint

Plaintiff is a state prisoner, currently imprisoned at Kern Valley State Prison ("KVSP") in Delano, California – where the acts he complains of occurred. Plaintiff names defendants: California Department of Rehabilitation ("CDCR"); CDCR Director Woodford; CDCR Director Hickman; KVSP Chief Physician & Surgeon Dr. McGuinness; KVSP Health Care Manger Dr. Syed; Doe 1 who was the KKVSP Health Care Manager after Dr. Syed; and Does 2 through 10. Plaintiff alleges that: On September 11, 2005 he requested medical treatment for severe pain in his left pelvis and groin; that on September 23, 2005 he had an appointment to be seen by Dr. McGuinness, but was not escorted to the appointment by KVSP correctional staff; that on September 28, 2005, he was examined by Dr. McGuinness, who recommended immediate surgery, but no pain medication so as not to mask Plaintiff's pain; that on October 20th, he was advised that his surgery was scheduled; that on October 24th, an ultrasound and consultation with non-KVSP urologist Dr. Chang was scheduled by non-KVSP physician Dr. Rodriguez; that on December 20, 2005, Dr. Syed granted Plaintiff's 602 appeal for medical care; on April 13, 2006, Plaintiff was seen by Dr. Patel who informed him that his surgery was scheduled for June of 2006; on April 17, 2006, Dr. Syed "reversed appeal's action from granted to partial granted;" two

surgeries were ultimately recommended for Plaintiff – both of which took place on July 14, 2006; subsequent to those surgeries, Plaintiff developed an infection and a mass in his groin area; and Plaintiff was in pain throughout most of this scenario.  Plaintiff sues the defendants in their individual capacities and seeks monetary damages.

      **C.**      **Pleading Requirements**

            **1.**  *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

            **2.**  *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

3

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3.  *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Court is unsure if Plaintiff intends to pursue the CDCR as a defendant in this action.

The only place Plaintiff mentions the CDCR is in the caption of his complaint. Notably, Plaintiff does not identify the CDCR as a defendant in his section entitled "Introduction of Parties." Plaintiff fails to link the CDCR to any constitutional violations other than via the acts of CDCR employees. Plaintiff is advised that a local government entity is liable under 42 U.S.C. § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.' " Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir.1992) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, (1978)). In addition, a local governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." Id. at 1474 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)); see also Monell, 436 U.S. at 690-91. However, the custom or policy of inaction must be the result of a "conscious," City of Canton, 489 U.S. at 389, or " 'deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.' " Oviatt, 954 F.2d at 1477 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion)). Plaintiff's claims appear to be premised on the inaction/delay in securing his hernia/abdominal cavity repair surgeries. Plaintiff fails state a cognizable claim against the CDCR as he fails to allege facts to support that CDCR has a policy of inaction that amounts to failure to protect constitutional rights that is the result of a deliberate choice, from various alternatives, by officials responsible for establishing the final policy on the issues in question.

**D.     Plaintiff's Claims for Relief**

**1.  *Deliberate Indifference to Serious Medical Needs***

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than

1 conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.
2 A prison official does not act in a deliberately indifferent manner unless the official "knows of
3 and disregards an excessive risk to inmate health or safety." Id.

4 In applying this standard, the Ninth Circuit has held that before it can be said that a
5 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
6 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
8 Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
9 treating a medical condition does not state a valid claim of medical mistreatment under the
10 Eighth Amendment. Medical malpractice does not become a constitutional violation merely
11 because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
12 County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
13 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
14 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate
15 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
16 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of
17 deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

18 Deliberate indifference can be manifested by prison guards intentionally denying or
19 delaying access to medical care or intentionally interfering with the treatment once prescribed.
20 Estelle v. Gamble, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving
21 medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v.
22 Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v.
23 Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs,
24 766 F.2d 404, 407 (9th Cir. 1985).

25 Plaintiff alleges that, once he examined Plaintiff, Dr. McGuinness recommended
26 immediate surgery, did not prescribe pain medication as so as not to mask Plaintiff's pain, and
27 told Plaintiff not to be surprised if he was called for surgery within 24 hours. Doc. 1, pg. 10. It
28 appears that Plaintiff was in pain for approximately ten months subsequent to Dr. McGuinness'

1  examination and failure to prescribe pain medication. Thus, Plaintiff states a cognizable claim
2  against Dr. McGuinness for deliberate indifference to his serious medical needs. See Hunt v.
3  Dental Dep't, 865 F.2d 198, 200-02 (9th Cir. 1989).

4  According to Plaintiff's allegations, Dr. Syed never examined Plaintiff or was involved in
5  his treatment other than via the 602 prisoner appeals process. Plaintiff fails to state a cognizable
6  claim against Dr. Syed for deliberate indifference to his serious medical needs as Dr. Syed was
7  not involved in Plaintiff's medical treatment and Plaintiff fails to allege that any delay in his
8  treatment caused by Dr. Syed led to further injury. As will be discussed in the next subsection,
9  the actions of one reviewing and deciding prisoner appeals do not give rise to constitutional
10 violations.

11 Plaintiff states facts regarding examinations and surgeries performed by Dr. Rodriguez,
12 Dr. Patel, and Dr. Chang. Plaintiff does not named these three doctors as defendants and his
13 statements regarding his care from these three doctors do not appear to rise to the level of
14 deliberate indifference to serious medical needs – they all recommended testing and/or performed
15 surgery, the fact that Plaintiff developed an infection and solid mass subsequent to the surgeries
16 does not implicate wrongdoing on a constitutional level. Thus, Plaintiff fails to state cognizable
17 claims against Dr. Rodriguez, Dr. Patel, and Dr. Chang.

18 **2. *Due Process – Processing Prisoner Appeals***

19 Plaintiff alleges that Dr. Syed first granted, and then partially revoked, his 602 prisoner
20 appeal(s).

21 The Due Process Clause protects prisoners from being deprived of liberty without due
22 process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of
23 action for deprivation of due process, a plaintiff must first establish the existence of a liberty
24 interest for which the protection is sought. "States may under certain circumstances create liberty
25 interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-
26 84 (1995). Liberty interests created by state law are generally limited to freedom from restraint
27 which "imposes atypical and significant hardship on the inmate in relation to the ordinary
28 incidents of prison life." Sandin, 515 U.S. at 484.

1   "[A prison] grievance procedure is a procedural right only, it does not confer any
2   substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
3   (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
4   334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
5   entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
6   2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
7   855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest
8   requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.
9   DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

10   Actions in reviewing prisoner's administrative appeal cannot serve as the basis for
11   liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows
12   about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is
13   not correct. "Only persons who cause or participate in the violations are responsible. Ruling
14   against a prisoner on an administrative complaint does not cause or contribute to the violation. A
15   guard who stands and watches while another guard beats a prisoner violates the Constitution; a
16   guard who rejects an administrative complaint about a completed act of misconduct does not."
17   George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645,
18   656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,
19   97 F.3d 987, 992-93 (7th Cir.1996).

20   Plaintiff fails, and is unable, to state a cognizable claim for violation of his right to
21   procedural due process against Dr. Syed based on the processing of his 602 prisoner appeal(s).

22   **3.  *Supervisory Liability***

23   All of the defendants Plaintiff names hold supervisorial positions.

24   Supervisory personnel are generally not liable under section 1983 for the actions of their
25   employees under a theory of respondeat superior and, therefore, when a named defendant holds a
26   supervisorial position, the causal link between him and the claimed constitutional violation must
27   be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
28   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim

for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff alleges that Director Woodford, Director Hickman, Dr. McGuinness, Dr. Syed, and Does 1-10 all failed to properly supervise their subordinates so as to cause injury to Plaintiff.

Plaintiff has not alleged any facts indicating that Director Woodford, Director Hickman, Dr. Syed, or Does 1-10 personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Further, Plaintiff has stated a cognizable claim against Dr. McGuinness, based on Dr. McGuinness' personal in/actions, for deliberate indifference to his serious medical needs. However, on a supervisorial basis, Plaintiff fails to allege that Dr. McGuinness knew of violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

## II. **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have

resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the court as viable/cognizable in this order; and
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   August 4, 2008**                       /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE