MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Gary Ronnell Perkins,              )   No. CV 1-06-1177-NVW
                                   )
       Plaintiff,                  )   **ORDER**
                                   )
vs.                                )
                                   )
California Department of Corrections and )
Rehabilitation, et al.,            )
                                   )
       Defendants.                 )
                                   )

Plaintiff Gary Ronnell Perkins, who is confined in the Kern Valley State Prison (KVSP) in Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Sandra M. Snyder issued an Order (Doc. #11) finding that Plaintiff had stated both cognizable and uncognizable claims for relief and providing Plaintiff with an opportunity either to proceed on the viable claim or file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff filed a First Amended Complaint (Doc. #12). This case was reassigned to the undersigned judge on November 26, 2008. The Court will order Defendants McGuinness, Syed, and Woodford to answer Count One of the First Amended Complaint and will dismiss Count Two and the remaining Defendants without prejudice.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     First Amended Complaint

In his two-count First Amended Complaint, Plaintiff sues the following Defendants: the California Department of Corrections and Rehabilitation (CDCR), KVSP Chief Physician and Surgeon Dr. W. McGuinness, KVSP Healthcare Manager Dr. Asarulislam Syed, CDCR Director J.S. Woodford, CDCR Secretary Rod Hickman, and Does 1-10.

Plaintiff's first count alleges a violation of the Eighth and Fourteenth Amendments as it relates to his medical care. Plaintiff's second count alleges deliberate indifference to his medical needs. Because the second count is duplicative of the first, the Court will dismiss it.

The gravamen of Plaintiff's First Amended Complaint is that he was diagnosed as needing an immediate surgery for severe pain in his pelvis and groin, but did not receive the surgery or pain medication for ten months. Plaintiff seeks monetary damages, attorney's fees, and his costs of suit.

Plaintiff alleges that he sought medical treatment for severe pain in his pelvis and groin. Defendant McGuinness examined him and stated that Plaintiff would need an immediate surgery. Defendant McGuinness did not prescribe pain medication because he did not want to mask the level of Plaintiff's pain. Plaintiff claims that three months after Defendant McGuinness stated that Plaintiff would need immediate surgery, Defendant Syed granted an appeal that Plaintiff had filed in which Plaintiff challenged the failure to receive treatment. Despite granting the appeal and having personal knowledge of Plaintiff's medical needs and pain, Defendant Syed failed to secure treatment for Plaintiff for an additional seven months. Plaintiff also alleges that Defendant Woodford was aware of Plaintiff's medical needs and pain, and failed to intervene and take corrective measures for

1  approximately two-and-a-half months. Ten months after Plaintiff sought medical treatment,
2  he received a surgery. During this time, he did not receive pain medication.

3  **III.    Failure to State a Claim**

4      **A.    Improper Defendant**

5         The CDCR is not a proper Defendant. Under the Eleventh Amendment to the
6  Constitution of the United States, a state or state agency may not be sued in federal court
7  without its consent. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984);
8  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person'
9  for purposes of section 1983. Likewise 'arms of the State' such as the . . . Department of
10 Corrections are not 'persons' under section 1983." Gilbreath v. Cutter Biological, Inc., 931
11 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). Therefore, the Court will dismiss
12 Defendant CDCR.

13     **B.    Defendant Hickman**

14        Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
15 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
16 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
17 a liberal interpretation of a civil rights complaint may not supply essential elements of the
18 claim that were not initially pled. Id.

19        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
20 injury as a result of specific conduct of a defendant and show an affirmative link between the
21 injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
22 (1976). To state a claim against a supervisory official, the civil rights complainant must
23 allege that the supervisory official personally participated in the constitutional deprivation
24 or that the supervisory official was aware of widespread abuses and, with deliberate
25 indifference to the inmate's constitutional rights, failed to take action to prevent further
26 misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
27 List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
28 see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92

1  (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
2  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
3  does not impose liability. <u>Monell</u>, 436 U.S. at 691-92; <u>Taylor</u>, 880 F.2d at 1045.

4  Plaintiff alleges that a federal judge stripped Defendant Hickman of authority over the
5  CDCR's healthcare system approximately two months after Defendant McGuinness informed
6  Plaintiff that he needed an immediate surgery. Plaintiff alleges that Defendant Hickman
7  "separately and in concert" with other Defendants acted "willfully and knowingly to deprive
8  Plaintiff [of] his rights to due process of law and to be free from cruel and unusual
9  punishment." This vague and conclusory allegation is insufficient to state a claim.
10 Therefore, the Court will dismiss without prejudice Defendant Hickman.

### C. Doe Defendants

12 Plaintiff alleges that the Doe Defendants are healthcare personnel at the prison and
13 that they "failed to submit, type, fax (or call) necessary paperwork which would have secured
14 Plaintiff's treatment sooner." Plaintiff claims that they were deliberately indifferent to his
15 medical needs and pain. Plaintiff's claim against the Doe Defendants is vague and
16 conclusory. In addition, his allegation demonstrates nothing more than negligence.
17 Deliberate indifference is a higher standard than negligence or lack of ordinary due care for
18 the prisoner's safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994). "Neither negligence nor
19 gross negligence will constitute deliberate indifference." <u>Clement v. California Dep't of
20 Corrections</u>, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002). Finally, Rule 10(a) of the Federal
21 Rules of Civil Procedure requires the plaintiff to include the names of the parties in the
22 action. As a practical matter, it is impossible in most instances for the United States Marshal
23 or his designee to serve a summons and complaint on an unidentified defendant. Therefore,
24 the Court will dismiss without prejudice the unnamed Doe Defendants.

### IV. Claims for Which an Answer Will be Required

26 Liberally construed, Plaintiff has stated a claim in Count One against Defendants
27 McGuinness, Syed, and Woodford. The Court will require Defendants McGuinness, Syed,
28 and Woodford to answer Count One of the First Amended Complaint.

JDDL

- 4 -

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count Two and Defendants California Department of Corrections and Rehabilitation, Hickman, and Does 1-10 are **dismissed** without prejudice.

(2) Defendants McGuinness, Syed, and Woodford must answer Count One of the First Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #12), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants McGuinness, Syed, and Woodford.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for

1  each Defendant, a copy of this Order for each Defendant, a completed summons for each
2  Defendant, and a completed USM-285 for each Defendant.

3      (5)   Plaintiff must not attempt service on Defendants and must not request waiver
4  of service. Once the Clerk of Court has received the Notice of Submission of Documents and
5  the required documents, the Court will direct the United States Marshal to seek waiver of
6  service from each Defendant or serve each Defendant.

7      (6)   **If Plaintiff fails to return the Notice of Submission of Documents and the**
8  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
9  **must, without further notice, enter a judgment of dismissal of this action without**
10 **prejudice.**  See **Fed. R. Civ. P. 41(b).**

11     DATED this 8th day of January, 2009.

           _____
                   Neil V. Wake
                   United States District Judge